David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff

# United States District Court
# District of Arizona

| | |
|---|---|
| John Giger,<br><br><br>     Plaintiff,<br><br>v.<br><br>Navient Solutions, LLC,<br><br>    Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

## Introduction

1. John Giger ("Plaintiff"), brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Navient Solutions, LLC ("Navient" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.   The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5.   As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:
> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of

Complaint                                                    2

the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### Jurisdiction and Venue

6.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.  Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona because it is a corporation registered with the Arizona Secretary of State and it conducts business is in the County of Maricopa, State of Arizona.

### Parties

8.  Plaintiff is, and at all times mentioned herein was, a resident of the City of Phoenix, County of Maricopa, State of Arizona.

9.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant is located in the in the State of Virginia and registered as a limited liability company in the State of Delaware.

11. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

12. At all times relevant, Defendant conducted business in the State of Arizona and in the County of Maricopa, within this judicial district.

**Factual Allegations**

13.   Sometime before September 2018, Plaintiff's daughter applied for a student loan through Defendant.

14.   Plaintiff co-signed on Plaintiff's daughter's student loan application with Defendant.

15.   On Plaintiff's daughter's student loan application with Defendant, Plaintiff provided a telephone number starting with area code "(831)" for his contact information.

16.   In or about September 2018, Plaintiff started receiving automated telephone calls from Defendant at a rate of 3-4 calls per day.

17.   The number that Defendant was calling starting in or around September 2018 was different than the number that Plaintiff had provided Defendant with on Plaintiff's daughter's student loan application.

18.   The phone number that Defendant was calling starting in or around September 2018 ended in 4274.

19.   The purpose of Defendant's calls to Plaintiff was to attempt to collect from Plaintiff.

20.   During the phone calls to Plaintiff, Defendant was harassing, threatening, and and extremely unprofessional.

21.   On the first call to Plaintiff in or around September 2018, Plaintiff told Defendant to stop calling Plaintiff on his cell phone.

22.   On almost every call since the first call in or around September 2018, Plaintiff has told Defendant to stop calling Plaintiff on his cellular telephone.

23.   On most of the phone calls, Defendant's representatives told Plaintiff they were calling on behalf of "Navient".

24.   From around September 2018 to the present, Defendant called Plaintiff on Plaintiff's cellular telephone number (623) 764-4274 via an "automatic

telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. Plaintiff estimates that he received over 400 calls between September 2018 and the present and the calls are continuing.

27. When Plaintiff answered Defendant's phone calls, there was often either silence or a prerecorded massage indicating that an ATDS was in use.

28. Defendant called Plaintiff using the numbers (877) 312-4497 and (866) 338-9889 among others.

29. Defendant did not have consent to call Plaintiff on Plaintiff's cellular telephone especially since Plaintiff never provided Defendant with his current cellular telephone number.

30. Plaintiff does not know how Defendant obtained his current cellular telephone number.

31. Any prior consent Defendant had to call Plaintiff was clearly revoked by his numerous requests for Defendant to stop calling him.

32. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

33. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34. Plaintiff did not provide Defendant or its agent(s) prior express consent to receive the calls to his cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

35. The telephone call by Defendant, or its agent(s), violated 47 U.S.C. §

Complaint                                    5

227(b)(1).

36. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

37. Plaintiff was personally affected because he was frustrated and distressed that despite Plaintiff telling Defendant to stop calling him on his cell phone, Defendant continued to harass Plaintiff with calls using an ATDS.

38. Defendant's calls forced Plaintiff to live without the utility of his cellular phone by forcing Plaintiff to silence his cellular phones and/or block incoming numbers.

**First Cause of Action**

**Negligent Violations Of The**

**Telephone Consumer Protection Act (TCPA)**

**47 U.S.C. 227**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

///

///

Complaint 6

**Second Cause of Action**

**Knowing and/or Willful Of The**

**Telephone Consumer Protection Act (TCPA)**

**47 U.S.C. 227**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff made numerous requests for Defendant to stop calling his cell phone.

45. Each call after Plaintiff's first received call in or around September 2018 where Plaintiff requested Defendant stop calling his cell phone constitute a knowing and/or willful violation of the TCPA.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**Prayer For Relief**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**First Cause of Action for Negligent Violation of**

**the TCPA, 47 U.S.C. § 227 Et Seq.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),

Complaint                                                                 7

Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Trial By Jury

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,                    **Kazerouni Law Group**

Date: November 22, 2019                    By: */s/ Ryan L. McBride*
                                           Ryan L. McBride
                                           Attorneys for Plaintiff

Complaint                    8